1  GREENBERG TRAURIG, LLP
   PAUL GLASSMAN (SBN 76536)
2  KATHLEEN DEVANEY (SBN 156444)
   ADAM M. STARR (SBN 222440)
3  2450 Colorado Avenue, Suite 400E
   Santa Monica, California 90404
4  Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
5  Email: starra@gtlaw.com

6  JASON B. ELSTER (admitted *Pro Hac Vice*)
   77 West Wacker Drive, Suite 2500
7  Chicago IL 60601
8  Telephone: (312) 456-8400
   Facsimile: (312) 456-8435
9  Email: elsterj@gtlaw.com

10 Attorneys for Plaintiff
   CARDINAL HEALTH 110, INC. d/b/a
11 CARDINAL DISTRIBUTION

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARDINAL HEALTH 110, INC., d/b/a CARDINAL DISTRIBUTION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMG PHARMACY, INC., a California corporation d/b/a MIKE'S MEDICAL CENTER PHARMACY and RED SQUARE PHARMACY; and LYUDMILIA LYUSTIN, an individual;<br><br>Defendants. | CASE NO. CV 08-0788 JL<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rule 16-9, Plaintiff Cardinal Health 110, Inc. d/b/a Cardinal Distribution, and Defendants AMG Pharmacy Inc. d/b/a Mike's Medical Center Pharmacy and Red Square Pharmacy, and Lyudmilia Lyustin (collectively, "Defendants"), as and for their Joint Case Management Statement, state as follows:

**A.   Jurisdiction and Service.**  The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.  The parties agree that this Court has personal jurisdiction over each of the parties and that venue is proper in this forum, and that all parties have properly been served with the Complaint, Civil Cover Sheet, Summons, and Amended Answer.

**B.   Facts.**  In August and September 2005, Defendants entered into their respective credit agreements with Plaintiff.  Defendant Lyustin also agreed to unconditionally guaranty to Plaintiff the prompt and full payment (and not merely the ultimate collectability) and performance of all obligations of AMG to Cardinal.  Pursuant to those agreements, Plaintiff sold and delivered medical products and supplies to AMG.  However, Defendants failed to pay the invoices sent by Plaintiff as they became due, and, as of November 30, 2007, Defendants alleged outstanding obligations to Plaintiff totaled $480,904.16.  After demanding payment in July 2007, Plaintiff initiated the present action on February 4, 2008.

**C.   Legal Issues.**  The primary contention between the parties is factual and not legal in nature.  However, this case may involve legal issues related to breach of contract, accounts stated, and breach of guaranty.

**D.   Motions.**  There are no currently pending motions.  Plaintiff anticipates filing a motion for summary judgment.

**E.   Amendment of Pleadings.**  The parties should be allowed until September 12, 2008 to join additional parties and to amend the pleadings.

**F.     Evidence Preservation.**  Since the action was filed, the parties have taken appropriate steps to preserve any and all information, electronic or otherwise, which may be within the proper scope of discoverable information as contemplated under the Federal Rules of Civil Procedure.  The parties agree that Plaintiff's electronic preservation is limited to certain, identified individuals.  The parties agree that all electronically stored information shall be produced in hard copy.

**G.     Disclosures.**  On May 7, 2008, Plaintiff provided Defendants with its Rule 26(a) initial disclosures.  Defendants will provide their initial disclosures on or before May 13, 2008.

**H.     Discovery.**  The parties have discussed a discovery plan and jointly propose the following:

**1.**     Discovery may be needed with respect to each of the factual allegations of the Complaint and any defenses that Defendants may allege thereon, including but no limited to the following subjects: goods and services rendered by Plaintiff to Defendants; any heretofore unaccounted payments by Defendants to Plaintiff for goods and/or services; and any transfer or sale of Defendants' assets after Defendants became indebted to Plaintiff.

**2.**     All discovery should be commenced in time to be completed by August 29, 2008.

**3.**     Maximum of 25 interrogatories by each party to any other party.

**4.**     Maximum of 30 requests for admission by each party to any other party.

**5.**     Maximum of 5 depositions by Plaintiff and 5 by Defendants. Each deposition limited to a maximum of six hours unless extended by agreement of parties.

**6.**     Reports from retained experts under Rule 26(a)(2) due from Plaintiff by August 29, 2008, and from Defendants by October 31, 2008.

**7.**     Supplementation under Rule 26(e) is due by October 31, 2008.

**I.     Class Actions.**  This case is not a class action.

**J.    Related Cases.**  Plaintiff is not involved in any related cases or proceedings pending before another judge of this court, or before another court or administrative body.  Defendants are involved in the following related cases or proceedings: *AMG v. Shewry*, Case No. RG07330183, pending in Alameda County Superior Court; *McKesson v. AMG*, Case No. RG07340118, pending in Alameda County Superior Court; and *Independent Pharmacy v. AMG*, Case No. CGC-07-466-426, pending in San Francisco Superior Court.

**K.    Relief.**  Plaintiff is seeking an amount to be determined at trial but not less than damages of $441,198.11 as the principal balance due and owing for medical products delivered on credit by Plaintiff to Defendants under the parties' various agreements, plus interest charges and service charges of $39,706.05, through November 30, 2007, plus service charges and/or pre-judgment interest accruing at the annual rate of 18%, or the maximum amount allowed by law, from November 30, 2007, through the date of judgment, as provided by the parties' credit agreements.  In addition, Plaintiff is seeking its attorneys' fees, costs, and expenses as provided for by the parties' credit agreements.

**L.    Settlement and ADR.**  The parties remain open to the prospect of settlement.  In compliance with ADR L.R. 3-5, the parties have agreed to participate in non-binding mediation at a date that has yet to be determined.

**M.    Consent to Magistrate Judge For All Purposes.**  At this time, the parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**N.    Other References.**  This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.    Narrowing of Issues.**  As the issues in this case relate almost exclusively to Defendants' receipt of goods from Plaintiff and whether Defendants' paid Plaintiff for those goods, stipulations as to both goods received and monies paid would facilitate trial.

**P.    Expedited Schedule.**  This is the type of case that can be handled on an expedited basis with streamlined procedures.

**Q.    Scheduling.**  The parties' initial case management conference is scheduled for May 14, 2008, and the parties agree to the entry of a scheduling order that includes the dates outlined herein. The parties request a pretrial conference in January 2009. All potentially dispositive motions should be filed by December 12, 2008. The parties remain open to the prospect of settlement. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due by January 16, 2009. Parties should have twenty one (21) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3). The case should be ready for trial by February 20, 2009.

**R.    Trial.**  Defendants have requested to proceed before a jury, and at this time trial is expected to take approximately three (3) days.

**S.    Disclosure of Non-party Interested Entities or Persons.**  Plaintiff has filed its Certification of Interested Entities or Persons, which states:

> Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Plaintiff Cardinal Health 110, Inc. is the wholly-owned subsidiary of Cardinal Health, Inc.

Defendants are preparing for filing their Certification of Interested Entities or Persons, which state that United Care Pharmacy, LLC has an interest in the assets of Defendant AMG.

5
PARTIES' JOINT CASE MANAGEMENT STATEMENT
*LA 127482905v1 5/7/2008*

DATED: May 7, 2008

Respectfully submitted,

By: /s/ Orrin L. Grover
    ORRIN L. GROVER, P.C.
    Orrin Leigh Grover (SBN 64153)
    416 Young Street
    Woodburn, Oregon 97071
    Telephone: (503) 981-5836
    Facsimile: (503) 981-8680

*Attorney for Defendants*

By: /s/ Jason B. Elster
    GREENBERG TRAURIG, LLP
    Paul Glassman (SBN 76536)
    Kathleen DeVaney (SBN 156444)
    Adam M. Starr (SBN 222440)
    2450 Colorado Avenue, Suite 400E
    Santa Monica, California 90404
    Telephone: (310) 586-7700
    Facsimile: (310) 586-7800
    Email: starra@gtlaw.com

and

Jason B. Elster (*Pro Hac Vice*)
77 West Wacker Drive, Suite 2500
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: elsterj@gtlaw.com

*Attorneys for Plaintiff*

## ATTESTATION CLAUSE

I, William J. Goines, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT.  In compliance with General Order 45, X.B., I hereby attest that Orrin L. Grover and Jason Elster have concurred in this filing.

Date: May 7, 2008

                                      GREENBERG TRAURIG LLP

                                      By:  /s/ *William J. Goines*
                                               William J. Goines