GREENBERG TRAURIG, LLP
PAUL GLASSMAN (SBN 76536)
KATHLEEN DEVANEY (SBN 156444)
ADAM M. STARR (SBN 222440)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: starra@gtlaw.com

JASON B. ELSTER (*Pro Hac Vice*)
77 West Wacker Drive, Suite 2500
Chicago IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: elsterj@gtlaw.com

Attorneys for Plaintiff
CARDINAL HEALTH 110, INC. d/b/a
CARDINAL DISTRIBUTION

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDINAL HEALTH 110, INC., d/b/a CARDINAL DISTRIBUTION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMG PHARMACY, INC., a California corporation d/b/a MIKE'S MEDICAL CENTER PHARMACY and RED SQUARE PHARMACY; and LYUDMILIA LYUSTIN, an individual;<br><br>Defendants. | CASE NO. CV 08-0788 JL<br><br>**MOTION TO CONTINUE MEDIATION DEADLINE OR, IN THE ALTERNATIVE, TO PERMIT CARDINAL HEALTH 110, INC. D/B/A CARDINAL DISTRIBUTION TO ATTEND SCHEDULED MEDIATION BY TELEPHONE** |

MOTION TO CONTINUE MEDIATION DEADLINE OR, IN THE ALTERNATIVE,
TO PERMIT CARDINAL HEALTH 110, INC. D/B/A CARDINAL DISTRIBUTION
TO ATTEND SCHEDULED MEDIATION BY TELEPHONE

HOU 406,370,341v1 8-19-08

Plaintiff Cardinal Health 110, Inc. ("Cardinal") files this motion to continue the mediation deadline currently set for September 9, 2008 to permit Cardinal to bring a motion for summary judgment in the action or, in the alternative, to permit Cardinal to attend the scheduled mediation by telephone (the "Motion") due to Defendants' repeated failures to participate meaningfully in this case by, among other things, failing to attending court-ordered conferences and scheduled mediation conference calls.

Cardinal's counsel telephoned Defendants' counsel in order to ascertain whether Defendants would oppose this Motion, but the telephone call was answered by a recorded message that stated that Defendants' counsel's voicemail box was full and would not permit a message to be left. Cardinal's counsel also sent an e-mail to Defendants' counsel requesting that he advise as to whether Defendants would oppose this motion and Cardinal's counsel will notify the Court by supplemental pleading in the event that Defendants' counsel responds and states whether Defendants' intend to oppose this motion.

## BACKGROUND

Cardinal filed this suit on February 4, 2008. Counsel for Cardinal and Defendants discussed settlement during their Rule 26 conference; however, counsel for Defendants failed to follow-through with providing documents they had agreed to produce in order to substantiate certain claims respecting their assets.

On May 14, 2008, the court held a case management conference but Defendants' counsel did not appear at the scheduled conference. The Court continud the case management conference to May 28, 2008 and ordered Defendants to serve Cardinal with initial disclosures by May 20, 2008. Defendants did not appear for the May 28, 2008 case management conference. On May 28, 2008, the Court again continued the case management conference to June 11, 2008 and entered an order requiring Defendants to attend the June 11, 2008 conference in person and to serve initial disclosures within one week of the May 28, 2008 Order. Defendants' counsel attended the case management

2
MOTION TO CONTINUE MEDIATION DEADLINE OR, IN THE ALTERNATIVE,
TO PERMIT CARDINAL HEALTH 110, INC. D/B/A CARDINAL DISTRIBUTION
TO ATTEND SCHEDULED MEDIATION BY TELEPHONE

HOU 406,370,341v1 8-19-08

conference in person on June 11, 2008, but Cardinal still has not received Defendant's initial disclosures.

On July 10, 2008, counsel for Cardinal participated in a scheduled pre-mediation teleconference with Daniel Sharp, the court-appointed mediator in this case. Defendants' counsel did not call in at the scheduled time, and the mediator rescheduled the pre-mediation telephone conference call for later that afternoon. Defendants' counsel represented that he would provide, within one week, certain documents to substantiate Defendants' claims respecting their assets. Defendants failed to provide the documents and failed to attend another scheduled pre-mediation conference call with the mediator on July 18, 2008 – a pre-mediation call which Defendants' counsel had requested. The mediator set the mediation for this case for September 4, 2008. To date, Defendants have not provided any of the documents they have repeatedly agreed to provide which are necessary for Cardinal to evaluate settlement options.

<u>THE DEADLINE BY WHICH TO COMPLETE MEDIATION SHOULD BE CONTINUED TO PERMIT CARDINAL SUFFICIENT TIME TO FILE A MOTION FOR SUMMARY JUDGMENT THAT MAY RESOLVE THE ACTION AND HAVE THAT MOTION TO BE HEARD</u>

Based on the merits of Cardinal's claims and the apparent lack of any defenses of Defendants, Cardinal intends to move for summary judgment by no later than August 29, 2008 and to request a hearing date in October 2008 or as soon as the Court's calendar permits. Cardinal has attempted many times to resolve this case by settlement, but Defendants and/or their counsel have not meaningfully participated in these discussions. Cardinal believes that that this case can be efficiently and economically resolved at a hearing on a motion for summary judgment and, therefore, requests an opportunity to file a motion for summary judgment and have it heard prior to incurring further costs and attorneys' fees in connection with mediation, particularly in light of Defendants' past conduct in connection with the mediation and court ordered conferences. Specifically, Cardinal requests that

mediation deadline be continued to a date after October 31, 2008 or later, depending upon the Court's availability for a hearing on a motion for summary judgment in October.

### IN THE ALTERNATIVE, CARDINAL AND ITS ATTORNEYS SHOULD BE PERMITTED TO ATTEND THE MEDIATION CURRENTLY SCHEDULED FOR SEPTEMBER 4, 2008 MEDIATION BY TELEPHONE

Because of Defendants' and/or their counsel's failure to participate meaningfully in this case by, *inter alia*, by not appearing for Court ordered conferences or the pre-mediation telephonic conferences, Cardinal requests, at a minimum, that both Cardinal and its counsel be permitted to attend the September 4, 2008 mediation by telephone. Cardinal incurs legal fees and expenses in this case every time Defendants fail to attend conferences or otherwise comply with their duties as litigants. Cardinal has repeatedly demonstrated that it is open to settlement of this case and will be fully attentive, responsive and engaged by telephone in any mediation attended by Defendants. Accordingly, if the Court declines to grant Cardinal's motion to continue the mediation deadline, then Cardinal respectfully requests that Cardinal's corporate representative and its counsel be permitted to attend the scheduled mediation by telephone.

DATED: August 19, 2008					Respectfully submitted,


By: /s/ Kathleen DeVaney
GREENBERG TRAURIG, LLP
Paul Glassman (SBN 76536)
Kathleen Devaney (SBN 156444)
Adam M. Starr (SBN 222440)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: starra@gtlaw.com


*Attorneys for Plaintiff*

4
MOTION TO CONTINUE MEDIATION DEADLINE OR, IN THE ALTERNATIVE,
TO PERMIT CARDINAL HEALTH 110, INC. D/B/A CARDINAL DISTRIBUTION
TO ATTEND SCHEDULED MEDIATION BY TELEPHONE

HOU 406,370,341v1 8-19-08